

**VIA ECF**
Hon. Ramon E. Reyes
United State District Court,
Eastern District of New York

January 31, 2021

Your Honor,

      This firm represents Joel Vasquez ("Plaintiff") in the above-referenced matter. Plaintiff writes jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A.

      Plaintiff has agreed to settle all his claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties and a (6) six-hour mediation with Mediator Ira Cure. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement.

      The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

*Lina Stillman, Esq.*

*Ira Levine, Esq.*

## I. Statement of the Case

This is an action for money damages brought by Joel Vasquez. On 5/15/2020 Plaintiff Vasquez filed a Complaint in this action, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiff was employed by Defendants as a Deli worker in Defendants Queens Deli.

Plaintiff alleges Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay their appropriate overtime and violation of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. §195). Defendants deny that they violated the FLSA and/or NYLL.

## II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $25,500 to settle all his claims. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

The parties mediated for close to (6) six hours and diligently settled the matter with the help of mediator Ira Cure. Plaintiff estimate of his damages if they were fully successful on all of his arguments at trial are $78,572.40 excluding attorney's fees and costs but including liquidated damages or spread of hours.

Defendants dispute Plaintiff's estimated damages, and if this case were to go to trial, Defendants believe that Plaintiff would be awarded minimal, if any, damages.

The total settlement amount of $25,500 will be distributed in accordance with the enclosed Settlement Agreement.

Plaintiff believes that this settlement is an adequate result for the Plaintiff, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### III. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $8,873.33 from the settlement fund as attorneys' fees. This represents a third (33.33%) of the settlement fund and constitutes the number reflected in the Plaintiff's retainer agreement. Plaintiff's counsel also seeks to recover $540 in costs which represent $400 in Court fees and $140 in service to all defendants. In total, Plaintiff's Counsel seeks to recover $8,873.33

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York in wage and hour litigation, Plaintiff's counsel obtained an excellent result with relatively low time and expense. A brief biography of the attorney who performed billed work in this matter is as follows:

> a. Lina F. Stillman and has been practicing law since 2012. From 2012-2015, she was an associate at two law firms where she practiced exclusively in the areas of Labor and Employment with emphasis on wage and hour litigation.
> In April 2015, she opened a law firm in response to the immigrant community's need for Spanish Speaking attorneys to care for their interests exclusively.
> She is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

### **Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of her client. Plaintiff's interests have thus been adequately safeguarded. In full consideration of all the issues, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Lina Stillman
STILLMAN LEGAL, PC
Attorneys for the Plaintiff